### THE STATE OF CONNECTICUT *against* BAILEY.

A district school-house is not an out-house within the 30th section of the **act** of 1830, concerning crimes and punishments.

THIS was an information against *Henry Bailey*, charging him with breaking and entering an out-house, in the town of *Cornwall*, wherein goods, wares and merchandize were deposited, in the night season, with an intention to commit theft therein.

On the trial, at *Litchfield, August* term, 1833, before *Peters, J.,* the attorney for the state offered evidence to prove, that the building described in the information was occupied, at the time specified, as a school-house, for the purpose of teaching a district school therein ; that at evening, the school-house was locked up ; that there were deposited therein the books used by the scholars ; and that the prisoner, in the night season, broke and entered said school-house, with an intent to steal. The prisoner thereupon requested the court to instruct the jury, that if the facts were true, as claimed, by the prosecutor, such school-house did not constitute *an out-house* within the meaning of the statute ; and consequently, they ought to acquit the prisoner. But the court instructed the jury, that said school-house was an out-house within the statute ; and if the facts were proved, they ought to find the prisoner guilty of the offence charged in the information.

The jury returned a verdict against the prisoner ; and he moved for a new trial for a mis-direction.

*T. Smith,* in support of the motion, contended, That this school-house, standing alone, in no way connected with or related to any mansion house, was not an *out-house* within the statute. Out-house is a *relative* term. It implies, *ex vi termini,* the existence of a principal building, to which it is *ideally,* if not *locally,* attached. Thus, a barn is an out-house,

by reason of its subserviency to the mansion-house. *The State* v. *Brooks,* 4 *Conn. Rep.* 446. But a district school-house is an *isolated* building, in every sense.

*L. Church,* contra, insisted, That by the established construction of the term *out-house* in our penal statutes, a school-house is embraced by that term. Thus, in *The State* v. *O'Brien,* 2 *Root* 516. the burning of a school-house was held to be arson within the statute then in force, under the idea of its being an out-house. "A school-house," say the court, "may be considered a most important out-house to all the inhabitants of the district." Its standing alone does not prevent its being an out-house; for that was the situation of the barn in *Brooks's* case. A school-house may, with much stricter propriety, be considered an out-house, than the cabin of a vessel can be termed a shop; and yet in *The State* v. *Carrier,* 5 *Day* 131. the cabin of a vessel was held to be a shop within the statute relating to burglary.

CHURCH, J. The prisoner was charged, by the information, with breaking and entering an out-house, wherein were deposited goods, wares and merchandize, in the night season, with an intent to steal, under the 30th section of the "Act concerning crimes and punishments." On trial, he was convicted, and sentenced to imprisonment in the state prison, where he now is.

The out-house mentioned and described in the information, was a district school-house, containing books and other articles commonly used in district schools.

In the case of *The State* v. *O'Brien,* 2 *Root* 516. it is said, that a school-house may come under the denomination of a dwelling-house or out-house; and it was in that case adjudged, that the felonious burning of such a building was arson. The doctrine of that case cannot be approved, without an entire disregard of an established principle of the law, that penal laws are to be construed strictly. Subsequently, at the revision of the statutes, and when the law punishing arson was re-enacted, school-houses were included in the enumeration of buildings in addition to out-houses,—a circumstance very clearly implying, that the legislature did not consider a school-house to be an out-house, notwithstanding *O'Brien's* case.

*Litchfield,*
*June, 1834.*

State
*v.*
Bayley.

An out-house is a building appurtenant to some main building or mansion house ; and whether it be parcel of it or not, depends upon its particular location, or its connexion with such mansion house. It is plain, that a school-house is not of this description ; and therefore, is not an out-house, in legal signification.

I would advise a new trial.

The other Judges were of the same opinion, except PETERS, J., who was absent.

New trial to be granted.